IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:26-cr-46-RAH-SMD |
| TYWONE DEVON JACKSON | ) | |

## ORDER

**Please read this order carefully.**

On May 12, 2026, the Magistrate Judge entered a Report and Recommendation Concerning Plea of Guilty (Doc. 19), to which Notices of No Objection have been filed (Docs. 20, 21). Accordingly, it is

ORDERED that the Magistrate Judge's Recommendation (Doc. 19), is ADOPTED, the Court ACCEPTS the Defendant's plea of guilty as to Count 1 of the Indictment, and the Defendant is adjudged guilty of this offense. It is further

ORDERED as follows:

1. **Sentencing:** Sentencing of the defendant is hereby set for **August 26, 2026, at 11:30 AM**, Courtroom 2D, of the Frank M. Johnson, Jr. United States Courthouse, One Church Street, Montgomery, Alabama.

2. **Objections to Presentence Report:** In accordance with Rule 32(f)(1), *Federal Rules of Criminal Procedure*, counsel for the defendant and the Government shall communicate in writing to the probation officer, and to each other, any objections they have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the Presentence Report. The probation officer will notify parties of the objection deadline and will schedule a conference to discuss and resolve, if possible, any factual and legal issues contained in the presentence report. **The Court will deem any untimely objections to be waived, absent a good cause showing.**

3. **Departure/Variance Requests:**  Any motion for departure or motion for variance shall be filed on or before the conference date with the probation officer, unless based on unknown and unforeseen circumstances arising after that date, in which case the motion must be filed promptly upon discovery of such circumstances. **Counsel shall not embed a departure or variance request within a sentencing memorandum unless it is accompanied by a separate motion.**

4. **Hearing Length:**  Counsel for the defendant and the Government shall notify the Court at least **fourteen calendar (14) days** prior to the sentencing date if the hearing will require the presentation of witness testimony and if the hearing is anticipated to take longer than one hour.

5. **Continuances:**  Continuances are strongly disfavored. Any motion for a continuance because of a scheduling conflict or the need for additional time to prepare shall include at least 4 dates and times on which the parties agree the court can reset the sentencing.

6. **Motions:**  Government and defense motions shall be filed **seven (7) calendar days** before sentencing. **These motions shall be filed as separate motions and shall not be embedded within the sentencing memorandum.**

7. **Sentencing Memorandums:**  Sentencing memoranda are required and shall be filed under seal[1], with any attachments, not less than **seven calendar (7) days** before sentencing, with copies served on opposing counsel and the probation officer assigned to the case. The memorandum need not be complicated and may state the party's position about the appropriate sentence without elaboration.

8. **Sentencing Exhibits:**  Any paper exhibit that a party may offer at the sentencing hearing, except for exhibits necessary to rebut or respond to another party's sentencing memorandum or arguments at the hearing, shall be filed as an attachment to the sentencing memorandum (*see* paragraph 7 above). As to physical evidence that may be offered at the sentencing hearing, the offering party shall attach a photograph of the physical evidence to the sentencing memorandum. Any storage media (*e.g.*, CDs, thumb drives) that may be offered at the sentencing hearing shall be filed conventionally, along with an electronically filed notice of conventional filing. **Video and audio exhibits shall be filed with the Court at least seven calendar (7) days before**

---

[1] At present, the Middle District of Alabama does not permit the electronic filing of sealed documents. Therefore, all Sentencing Memorandums or other sealed filings must be submitted in a timely manner using conventional filing methods.

**the hearing to afford the Court time to view/listen to the recording in advance of the hearing.**

9.      **Introduction of Exhibits at Sentencing:**  If a copy of an exhibit was filed in accordance with paragraphs 7 and 8 of this Order, that exhibit need not be separately offered at the hearing. Unless there is a written objection filed **at least two calendar (2) days** before the hearing, all exhibits attached to any sentencing memorandums are deemed admitted and may be considered by the Court.

10.     **Letters:**  The Court strongly prefers that any written letters or personal statements be filed as exhibits to the sentencing memorandums and not mailed or emailed to chambers. Letters that are mailed or emailed to chambers are highly unlikely to be reviewed before the sentencing hearing.

11.     **Redactions:** The parties shall comply with Rule 49.1 of the Federal Rules of Criminal Procedure and refrain from including, or shall partially redact where inclusion is necessary, personal data identifiers from all filings with the court, including exhibits, whether filed electronically or in paper, unless otherwise ordered by the court. The responsibility for redacting these personal identifiers rests solely with counsel and the parties.

12.     Do not send courtesy copies to the court.

The Clerk of the Court is DIRECTED to provide a court reporter and, if necessary, an interpreter. If the defendant is in custody, the United States Marshal or other person having custody shall produce the defendant for the proceeding.

Nothing contained in this Order shall be construed as impairing the rights of any party as established in the United States Constitution or laws of the United States.

DONE this the 14th day of May 2026.

<u>**/s/ R. Austin Huffaker, Jr.**</u>
R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE